IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA PIERCE** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 04-CV-3982 |
| | : | |
| **JO ANNE B. BARNHART,** | : | |
| **Commissioner of Social Security** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                             August 19, 2005

      Plaintiff Patricia Pierce ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration, Jo Anne B. Barnhart ("Commissioner"), denying her claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383(f). Plaintiff and the Commissioner filed cross motions for summary judgment. The Court requested that United States Magistrate Judge M. Faith Angell submit a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(d)(1)(C). Magistrate Judge Angell has recommended that the Court grant Defendant's Motion for Summary Judgment and deny benefits.

      Because Plaintiff has objected to the Magistrate Judge's Report and Recommendation, this Court must "make a de novo determination of those portions of the record or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1)(C). Having reviewed the Report and Recommendation and the objections thereto, the Court will approve and adopt the Report and Recommendation.

**I. Procedural History**

On February 28, 2002, Plaintiff filed an application for SSI benefits. (R. at 15). This application was denied. Id. Plaintiff then requested a de novo hearing before an Administrative Law Judge ("ALJ"), which was held on September 17, 2003. (R. at 154). At that hearing, Plaintiff and her daughter, Yvette Pierce, testified. (R. at 154-93). On November 26, 2003, the ALJ issued a decision denying Plaintiff's claim for benefits. (R. at 12). Plaintiff made a request for review, which was denied by the Appeals Council, making the ALJ's opinion the final decision of the Commissioner. (R. at 10-11). Having thus exhausted her administrative remedies, Plaintiff subsequently commenced this action.

**II. Standard of Review**

 A.  The Commissioner's Decision

Judicial review of a Social Security case is based upon the pleadings and the transcript of the record. 42 U.S.C. § 405(g). The scope of the Court's review of the Commissioner's decision is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000).

"The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565

(1988)); see also Plummer, 186 F.3d at 427 (noting that "substantial evidence" has been defined as "more than a mere scintilla"). In sum, "[t]he court cannot conduct de novo review of the Commissioner's decision or re-weigh the evidence of record." Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998).

### B. The Magistrate Judge's Report and Recommendation

The Court must engage in a de novo review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. See 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate." Id. In considering Plaintiff's objections to the Report and Recommendation, the Court has independently reviewed the entire record, including the Report and Recommendation, the ALJ's decision, the transcript of the hearing, the hearing exhibits, and the summary judgment briefs.

## III. Social Security Law

Title XVI of the Act provides for the payment of disability benefits to indigent persons under the SSI program. See 42 U.S.C. § 1382(a). "Disability" is defined as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate

> area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 1382c(a)(3)(B). The claimant carries the initial burden of proving disability. See Plummer, 186 F.3d at 428. Once the claimant establishes an inability to perform his or her prior work, the burden then shifts to the Commissioner to show that the claimant can perform other substantial gainful work that exists in the national economy. Id.

Under the Social Security regulations, an application for disability benefits is evaluated according to a five-step sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920. This process requires the presiding ALJ to review: (1) claimant's current work activity; (2) the severity of the impairments; (3) whether the impairments, considered alone or in combination, meet or equal any listing set forth in Part 404, Subpart P, Appendix 1, which would result in a conclusive presumption of disability; (4) whether claimant's residual functional capacity ("RFC") allows him or her to perform his or her past relevant work; and, if not, (5) whether claimant's specific RFC, in conjunction with a consideration of his or her age, education, and work experience, prevents him or her from performing other work that exists in the national economy. The claimant is entitled to disability benefits only if he or she is not able to perform such other work.

**IV. The ALJ's Decision**

Using this sequential evaluation process, the ALJ determined that Plaintiff had satisfied the requirements of step one because she had not engaged in any substantial gainful activity since the alleged onset of her disability. (R. at 16). Next, the ALJ ruled that Plaintiff suffered from

back problems, specifically, a degenerative disc disease, which was not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P. (R. at 17). The question before the ALJ, therefore, was whether Plaintiff retained the RFC to perform past relevant work or other work existing in significant numbers in the national economy. Id. Finding that Plaintiff had no past relevant work, and upon consideration of the medical evidence before her, the ALJ determined that Plaintiff retained the residual functional capacity to perform a significant range of light work. (R. at 19-20). Accordingly, the ALJ ruled that Plaintiff was not disabled. (R. at 20).

**V. The Magistrate Judge's Report and Recommendation**

In her Report and Recommendation, Magistrate Judge Angell found that the ALJ's conclusions were supported by substantial evidence. Magistrate Judge Angell based her determination on Plaintiff's medical and physical therapy records, the lack of developed medical evidence of a back impairment, and Plaintiff's somewhat contradictory testimony regarding her ability to perform familial obligations (including caring for various family members). The Magistrate Judge concluded that there was substantial evidence to support the ALJ's finding of no total disability.

**VI. Analysis**

Plaintiff has raised several objections to the Magistrate Judge's Report and Recommendation. First, Plaintiff objects to the cursory nature of the review. Second, Plaintiff argues that the Magistrate Judge failed to consider the ALJ's purportedly erroneous failure to adequately address the opinion of Plaintiff's treating physician, Dr. Walter Wrenn, III, and the recordings of a Social Security employee regarding Plaintiff's condition.

Following a de novo review, this Court concurs with Magistrate Judge Angell that the ALJ's recommendation was supported by substantial evidence. Contrary to Plaintiff's assertion, the ALJ did specifically consider the testimony of Dr. Wrenn, stating that it was not supported by the appropriate medical findings, that it was contradicted by other, more credible medical evidence, and that, even if the evidence were fully credited, it would not lead to a finding of permanent disability. (R. at 18-19). The ALJ more than met her burden of considering this evidence: "The ALJ may reject a treating physician's opinion on the basis of contradictory medical evidence, and may afford a medical opinion more or less weight depending upon the degree to which supporting explanations are provided and whether the treating doctor is a specialist." Versace v. Barnhart, 2002 WL 1880526, at *2 (E.D. Pa. Aug. 14, 2002); see also 20 C.F.R. § 416.927(d); Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (stating that while an ALJ is required to address such medical opinions, there is no requirement that the opinion be adopted); Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000).

Furthermore, the ALJ references various witness and medical accounts throughout her opinion, carefully setting out and explaining the bases for her conclusion that Plaintiff is not disabled. (R. at 17-19). Finally, the ALJ specifically addresses the evidence presented by Plaintiff, including her testimony and that of her daughter, concluding that "numerous internal inconsistencies and outright contradictions" render this evidence, at best, partially credible. (R. at 18). The ALJ properly relied upon other medical evidence and some of Plaintiff's own admissions to determine that she was capable of performing light work, and therefore, was not disabled under the law. (R. at 20-21).

**VII. Conclusion**

      The ALJ's decision to deny Plaintiff benefits was supported by substantial evidence in the record, as affirmed by the Magistrate Judge's Report. Accordingly, Plaintiff's Objections to this Report are overruled and the Commissioner's Motion for Summary Judgment will be granted, while Plaintiff's Motion for Summary Judgment will be denied. An appropriate Order follows.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA PIERCE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 04-CV-3982 |
| | : | |
| **JO ANNE B. BARNHART,** | : | |
| **Commissioner of Social Security** | : | |

### ORDER

**AND NOW**, this   19th   day of August, 2005, the Court having considered the parties' Motions for Summary Judgment and reviewed the Report and Recommendation of United States Magistrate Judge M. Faith Angell, Plaintiff's Objections thereto, and the entire record, including the ALJ's decision, transcript of the hearing, and hearing exhibits, it is **ORDERED** that:

1. The Report and Recommendation (docket no. 18) is **APPROVED** and **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment (docket no. 9) is **DENIED**;

3. Defendant's Motion for Summary Judgment (docket no. 10) is **GRANTED**; and

4. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

s/Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**